# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> *Plaintiff*, <br> v. <br><br> U.S. DEPARTMENT OF STATE, <br> The Executive Office <br> Office of the Legal Adviser, Suite 5.600 <br> 600 19th Street NW <br> Washington, DC 20522, <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State ("State Department") is an agency of the U.S. Government headquartered at 2201 C Street, N.W., Washington, DC 20520. The State Department has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On June 18, 2021, Plaintiff sent a FOIA request to the State Department, via the State Department's online electronic FOIA submission system, seeking access to the following:

> All records about US diplomatic personnel in or seeking to enter China being subjected to anal swab tests for the COVID-19 virus, including all complaints and communications regarding such testing. This request does not seek any personal identifying information of US diplomatic personnel that may have been subjected to such testing. See https://thehill.com/policy/international/china/540575-china-denies-it-required-us-diplomats-to-take-covid-19-anal-tests?rl=1

The time period of the request was identified as November 1, 2020 to June 18, 2021.

6. By an email dated June 23, 2021, the State Department acknowledged receipt of the request on June 21, 2021 and indicated that the request had been assigned FOIA reference number Ref: F-2021-07575. The State Department's acknowledgement asserted that it was invoking FOIA's 10-day extension of time provision due to "unusual circumstances."

7. As of the date of this Complaint, the State Department has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

8.  Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.  Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11. Plaintiff has no adequate remedy at law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant State Department was required to make a final determination on Plaintiff's request by August 3, 2021 at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

- 4 -

Dated:  August 6, 2021 Respectfully submitted,

/s/ *James F. Peterson*
JAMES F. PETERSON
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5175
Email: jpeterson@judicialwatch.org

*Counsel for Plaintiff*